**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS STEVENSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CRIMINAL CASE NO. 02-90017
CIVIL CASE NO. 04-60094
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER DENYING PETITIONER'S § 2255
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #32). The government filed a response on August 30, 2004. Petitioner then filed an Amended Motion to Vacate, Set Aside, or Correct Sentence on September 1, 2004 (Doc. #36). On October 5, 2004, the government filed a brief in opposition to allowing Petitioner to file an amended 28 U.S.C. § 2255 motion. No oral argument was heard pursuant to Local Rule 7.1(e)(1)(E.D. Mich. Sept. 8, 1998).

Petitioner was charged with narcotics trafficking in violation of 21 U.S.C. § 841(a)(1), with possessing a firearm in violation of 18 U.S.C.§ 922(g)(1), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On October 21, 2002, Petitioner pleaded guilty to Count One of the indictment pursuant to a Rule 11 plea agreement. In the plea agreement Petitioner stipulated to the underlying facts of the charge and waived his right to appeal the conviction and sentence. Specifically, Petitioner stipulated to selling 87 grams of

cocaine base to an undercover agent over the course of fifteen transactions. Petitioner also stipulated to the fact that a firearm was discovered in his home. On May 21, 2003, this Court sentenced Petitioner to 135 months of imprisonment. Petitioner's sentence was calculated based upon the amount of controlled substance involved and Petitioner's possession of a firearm. In his original motion, Petitioner alleges that ineffective assistance of counsel, and the failure of the court to considered his extraordinary physical condition led to his enhanced sentence. In his amended motion, Petitioner alleges that this Court lacked subject matter jurisdiction to try his case, and that his sentence was unconstitutionally enhanced in light of the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The Court will address both Petitioner's original and amended motions, without passing judgment on whether the amended 28 U.S.C. § 2255 motion is properly before the Court.

## II.     STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 653-38 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a motion alleging non-constitutional error, the movant must demonstrate a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

When seeking to vacate or set aside a sentence based on ineffective assistance of counsel, the petitioner carries a heavy burden. The Supreme Court has held:

> First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has since explicitly extended application of the Strickland test to claims of ineffective assistance of counsel arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52 (1985). The Court stated, "[w]e hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. at 58. Clarifying the requirement of the second prong in the context of a guilty plea, the Court explained, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Nagi v. United States, 90 F.3d 130, 134-35 (6th Cir. 1996) ("In claiming ineffective assistance of counsel in the context of a guilty plea, [Petitioner] must show that his counsel's performance was deficient and that the deficient performance caused [Petitioner] to reach a different decision regarding his plea.").

> Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Strickland, 466 U.S. at 689 (*quoting* Michel v. Louisiana, 350 U.S. 91 at 101 (1955)).

**III.   ANALYSIS**

### A.      Petitioner's Ineffective Assistance of Counsel Claim.

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to move for a downward departure based on Petitioner's extraordinary physical condition. It cannot be said that Petitioner's attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" by not moving for a downward departure, when the Rule 11 Plea Agreement foreclosed the consideration of any additional factors, not included in the agreement, when determining Petitioner's sentence. Strickland, 466 U.S. at 687.  If counsel had moved for a downward departure, it would have vitiated the bargained for plea agreement.  Thus, Petitioner has not overcome the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 689.

Further, Petitioner cannot show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.  Again, if counsel had moved for a downward departure, this Court could not consider such a motion without vitiating the plea agreement in which the Petitioner stipulated to the sentencing guidelines.  Thus, Petitioner cannot show that counsel's errors were so serious as to deprive the defendant of a fair trial, or that he would not have pleaded guilty but for counsel's error.  Therefore, Petitioner is not entitled to have his conviction or sentence vacated because he received ineffective assistance of counsel.

### B.      Petitioner's Claim that the Court Failed to Consider His Extraordinary Physical Condition in Determining His Sentence.

Petitioner claims that the Court acknowledged, but did not consider his extraordinary physical condition in determining his sentence. The Supreme Court, while recognizing that under the proper circumstances new issues could be raised in a § 2255 motion, has held "that relief could be denied 'where the trial or appellate court has had a "say" on a federal prisoner's claim.'" Kaufman v. United States, 394 U.S. 217, at 227 n. 8 (1969). The Court finds on the basis of the motions, files, and records, that this issue was decided on direct appeal. Petitioner raised the issue of the Court's failure to consider his extraordinary physical condition in his appeal to the Sixth Circuit. The court of appeals found no basis to grant Petitioner the relief he requested. Therefore, because the appellate court has already considered the issue, and this Court is in no position to review decisions by the Sixth Circuit, there is no need to discuss the issue further.

      **C.**     **Petitioner's Subject Matter Jurisdiction Claim.**

Petitioner claims that the Court lacked subject matter jurisdiction over him because the indictment failed to specify a detectable amount or more of a controlled substance. Petitioner claims that this allegation, coupled with a claim that he is actually and factually innocent of the unconstitutionally enhanced sentence, entitles him to a reduction of his sentence. Petitioner's claim that the Court lacked subject matter jurisdiction is baseless. The indictment charging Petitioner with narcotics trafficking set forth specific amounts of drugs that Petitioner sold on specific dates, thus the indictment flatly contradicts Petitioner's claim, and therefore there is no basis to grant Petitioner a reduced sentence on this ground.

      **D.**     **Petitioner's Blakely/Booker Claim.**

In the past two years, the "sentencing landscape [has] changed dramatically." United States v. Kuhn, 351 F. Supp.2d 696, 698 (E.D. Mich. 2005). On June 24, 2004, the Supreme Court found unconstitutional a state court sentencing scheme that permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum. Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The scheme was unconstitutional because the constitution requires that "'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Id. at 2536 (*quoting* Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

On January 12, 2005, the Supreme Court extended the Blakely holding to the Federal Sentencing Guidelines and held that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial. United States v. Booker, __U.S.__, 125 S. Ct. 738 (2005). In so holding, the Supreme Court again reaffirmed its holding in Apprendi, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Rather than invalidate the Guidelines in their entirety, the Court severed a provision making the Guidelines mandatory and an appellate review provision that required district judges to impose a sentence within the Guideline range or justify their departure. As a result of these changes, a sentencing judge need only consider the Guideline ranges as advisory. Id.

Petitioner's motion appears to be based solely on the Apprendi, Blakely, and Booker line

6

of cases. However, his argument that his sentence was unconstitutionally enhanced because his sentence was based on facts not found by a jury or admitted to by the defendant can be summarily dismissed for three reasons.

First, Petitioner's claim would be barred by procedural default because Petitioner failed to raise the issue during his plea hearing or at sentencing. Thus, Petitioner must show both why he failed to raise the issue at trial and that his sentencing was actually affected by the failure to raise the issue or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). Petitioner is unable to meet this burden.

Petitioner may not point to the futility of raising an objection to his sentence based on the premise that the sentencing guidelines were unconstitutional. Blakely, 124 S. Ct. at 2547 n.1 (2004)(O'Connor, J., dissenting). "[T]he futility of presenting an objection . . . cannot alone constitute cause for failure to object at trial." Engle v. Isaac, 456 U.S. 107, 130 (1982). Further, "later discovery of a constitutional defect unknown at the time of trial does not invariably render the original trial fundamentally unfair." Id., at 131. Therefore, Petitioner has not shown why he failed to raise the constitutionality of his sentence at trial.

Next, the record indicates that Petitioner was informed that he had a right to trial before a jury. Having been informed of his rights by the Court, Petitioner voluntarily signed the Rule 11 Plea agreement, which included the sentencing worksheet, and verbally stipulated to the underlying facts of the offense and to the facts that were used to calculate his sentence. Petitioner admitted to having sold 87 grams of cocaine base to an undercover agent over the course of fifteen transactions and to possessing a firearm. It is these facts that were used to calculate Petitioner's sentence. In light of the Rule 11 agreement, which included the sentence

enhancement and Petitioner's verbal stipulations, this Court was not called upon to make any factual findings which affected petitioner's sentence.

> [T]he "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Blakely, 124 S. Ct. at 2537. Petitioner's sentence was enhanced "on the basis of facts . . . admitted by the defendant." Id.

Finally, the Sixth Circuit has expressly held that the rule announced in Booker does not apply retroactively in collateral proceedings such as this. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). This holding is consistent with every other circuit to consider Booker's retroactivity. See In re Olopade, 403 F.3d 159, 162-64 (3d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005).

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATED: August 22, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Douglas A. Stevenson and Frances Lee Carlson on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK